UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terrie Lynne Sena,<br><br>　　Petitioner<br><br>v.<br><br>Jerry Howell, *et al.*,<br><br>　　Respondents | Case No.: 2:21-cv-02010-JAD-BNW<br><br>**Order Directing Service on Respondents and Granting Motion for Appointment of Counsel**<br><br>[ECF No. 9] |

　　This is a petition for writ of habeas corpus by Terrie Lynne Sena, who is incarcerated at Nevada's Florence McClure Women's Correctional Center. I order Sena's petition filed and served upon the respondents, and I grant her motion for appointment of counsel.

　　In a previous order,[1] I screened Sena's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and found that it appeared the petition might be barred by the statute of limitations.[2] So I ordered Sena to show cause why this action should not be dismissed as untimely.[3] Sena has responded to the order to show cause, contending that this action is timely by virtue of equitable tolling, and that, at any rate, the action should not be dismissed on statute of limitations grounds because she can show actual innocence.[4] I do not now rule on either of those contentions, and I do not mean to suggest that I believe either will ultimately prove to be meritorious, but I do find that Sena's showing is sufficient to warrant the filing of her petition and its service upon the respondents.

---

[1] ECF No. 7.
[2] 28 U.S.C. § 2244(d)(1)(A).
[3] ECF No. 7.
[4] ECF Nos. 8, 10.

Sena submitted with her habeas petition a motion for appointment of counsel;[5] that motion will now be filed. Sena filed a second motion for appointment of counsel on January 14, 2022; I denied that motion without prejudice pending Sena's response to the order to show cause.[6] Sena filed a third motion for appointment of counsel on March 30, 2022.[7] State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due-process violations.[8] The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require.[9] In view of the relative complexity of this case, and the statute of limitations issue still to be resolved, I find that appointment of counsel is in the interests of justice.

IT IS THEREFORE ORDERED that Petitioner's Motions for Appointment of Counsel **[ECF No. 1-2 and ECF No. 9] are granted**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. The FPD has until June 9, 2022, to file a notice of appearance or to indicate its inability to represent the petitioner in this case. If the FPD is unable to represent Sena because of a conflict of interest or otherwise, alternate counsel will be appointed. Counsel will represent the petitioner in all federal court proceedings relating to this matter unless allowed to withdraw. Once counsel has entered an appearance in this action, the court will issue a scheduling order that will, among other things, set a deadline for counsel to file an amended petition.

---

[5] ECF No. 1-2.

[6] ECF No. 7.

[7] ECF No. 9.

[8] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).

[9] *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **SEPARATELY FILE** the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the Motion for Appointment of Counsel (ECF No. 1-2);

- **ELECTRONICALLY SERVE** upon the FPD a copy of this order and a copy of the petition for writ of habeas corpus (ECF No. 1-1); and

- **ADD** Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that Respondents have until June 9, 2022, to appear in this action, but they will not be required to respond to the habeas petition at this time.

_____
U.S. District Judge Jennifer A. Dorsey
May 10, 2022